IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| David Gabriel Soldier, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION** |
| | ) | **TO VACATE SENTENCE** |
| vs. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| United States of America, | ) | Criminal No. 3:06-cr-131-02 |
| | ) | Civil No. 3:09-cv-1 |
| Respondent. | ) | |

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner David Soldier (Doc. #92).

**FACTUAL BACKGROUND**

On December 6, 2006, Soldier was charged in a multi-count indictment with involvement in a large-scale conspiracy to sell stolen merchandise on eBay, the online auction site. Count One charged him with conspiracy to receive, possess, and sell stolen goods in violation of 18 U.S.C. § 371. Count Two charged him with receipt, possession, and sale of stolen goods in violation of 18 U.S.C. § 2315. Counts Three, Four, and Five charged him with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The indictment also contained forfeiture allegations regarding both the sale of stolen property, as alleged in Counts One and Two, and money laundering, as alleged in Counts Three through Five. The United States sought forfeiture of a parcel of real property located in Clay County, Minnesota, and a sum of money equal to $480,415.34 in United States currency.

After two continuances of his trial date, Soldier requested that the matter be set on for a change of plea hearing. On July 2, 2007, he appeared before the Court and entered an open plea of guilty to Counts One and Two of the indictment. He also admitted to the sale of stolen property

1

forfeiture allegation, which was related to the charges in Counts One and Two.  Although Soldier did not enter into a written plea agreement, the United States agreed to dismiss the remaining counts of the indictment at sentencing.

Soldier's sentencing was initially set to occur in late September 2007, but it was continued twice due to ongoing negotiations between the parties over the amount of loss involved in the case. On November 8, 2007, the parties informed the Court by letter that they had reached an agreement with regard to several sentencing-related issues.  See Exhibit 1.  Notably, they agreed to a 12-level upward adjustment under the Sentencing Guidelines for loss in the range of $200,000 to $400,000, and Soldier agreed to entry of an order of forfeiture in the amount of $50,000.

Soldier appeared before the Court for sentencing on January 4, 2008.  The Court calculated a total offense level of 21 and a criminal history category of I, which yielded a Guidelines range of 37-46 months.[1]  After considering all the facts and circumstances of the case, along with the recommendations of the parties, the Court sentenced Soldier to 30 months of imprisonment and 3 years of supervised release.  The Court determined that it was impossible to calculate a restitution figure, as the victims were primarily large merchants who were unable to identify which shoplifting losses were attributable to this particular conspiracy.  However, in accordance with the agreement of the parties, the Court entered an order of forfeiture against Soldier in the amount of $50,000.[2]

---

[1] Contrary to Soldier's characterization of the facts in his memorandum, the Court did not find that he played a minor role in the conspiracy.  Rather, the Court rejected defense counsel's argument for a mitigating role adjustment under USSG § 3B1.2(b), and instead applied a 2-level upward adjustment under USSG § 3B1.1(c) based on evidence that Soldier played a managerial role in the conspiracy.

[2] Soldier has requested clarification regarding whether the $50,000 forfeiture order is split with co-defendant Michelle Kartes, thereby making him responsible for $25,000.  The answer is no.  Michelle Kartes forfeited $50,000 prior to her sentencing date, in accordance with her agreement with the United States, and thus her forfeiture obligation has been fulfilled.  Soldier is solely responsible for the $50,000 forfeiture order which has been entered against him.

Soldier never filed a direct appeal of his conviction or sentence. On January 3, 2009, he timely filed the instant pro se Motion to Vacate under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f) (setting forth the applicable period of limitation); Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (extending the prison mailbox rule to § 2255 motions). In his motion, Soldier seeks to set aside the $50,000 forfeiture order. He argues that the forfeiture order is a punitive fine, and therefore his ability to pay a fine should be considered under 18 U.S.C. § 3572(a). He further contends that the forfeiture is an excessive fine in violation of the Eighth Amendment.

## DISCUSSION

Section 2255, Title 28 U.S.C., provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Emphasis added.) The Eighth Circuit has held that under the plain and unambiguous language of the statute, "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). Therefore, if the relief a federal prisoner seeks does not qualify as a "right to be released," his § 2255 petition must be dismissed. See id.; see also United States v. Chacon-Vega, 262 Fed. Appx. 730, 731 (8th Cir. 2008) ("[A] challenge to the imposition of a fine is not cognizable in a 28 U.S.C. § 2255 proceeding.").

Although the Eighth Circuit has not specifically addressed whether a criminal forfeiture order may be challenged in a § 2255 motion, the Court sees no reason to distinguish criminal

3

forfeiture of currency from the imposition of restitution or a fine under these circumstances. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) ("[W]e agree with the other circuits that have held that § 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments like [restitution]."); Rodriguez v. United States, No. 95-2322, 1997 WL 770636, at *1 (1st Cir. Dec. 12, 1997) ("Appellant's claim that the forfeiture of his property was excessive under the Eighth Amendment is not cognizable in a § 2255 proceeding since appellant seeks only relief from a monetary-type penalty and not release from confinement."); United States v. Banguera, No. 93-2710, 1995 WL 449891, at *1 (5th Cir. June 30, 1995) ("Because Banguera is challenging only the forfeiture of assets, which does not go to the validity of his conviction or sentence, his claim is not cognizable under § 2255.").

Here, although Soldier is currently in federal custody, he is not claiming the right to be released. Rather, he seeks only to have the criminal forfeiture order set aside, which is clearly beyond the relief offered by 28 U.S.C. § 2255, and therefore the Court concludes his motion must be DENIED.

Even if Soldier's claims regarding the forfeiture order were cognizable under § 2255, the Court would still deny them on other grounds. As to the claim that his ability to pay should have been considered under 18 U.S.C. § 3572(a), Soldier procedurally defaulted this statutory issue by failing to raise it on direct appeal. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.").

Furthermore, to the extent it has not also been procedurally defaulted, his claim that the forfeiture was an excessive fine under the Eighth Amendment is meritless. "The touchstone of the

4

constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian, 524 U.S. 321, 334 (1998). In order to show a violation of the Excessive Fines Clause, the Eighth Circuit requires proof of "gross disproportionality," an excessiveness so great that the punishment is more criminal than the crime. United States v. Premises Known as 6040 Wentworth Ave. South, Minneapolis, Hennepin County, Minn., 123 F.3d 685, 689 (8th Cir. 1997) (quotation omitted). "[I]f the value of the forfeited property is within the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." United States v. Moyer, 313 F.3d 1082, 1086 (8th Cir. 2002) (quotation omitted).

In this case, the Court finds there is simply no evidence of gross disproportionality. Soldier played a managerial role in a large-scale professional fencing operation, and the forfeiture amount of $50,000 bears a reasonable relationship to the gravity of that offense. The United States initially sought forfeiture of currency in the amount of $480,415.34 from Soldier and his co-defendant Michelle Kartes. For purposes of the Guidelines calculation at sentencing, Soldier agreed that the case involved loss of more than $200,000 but less than $400,000. The fine range under the Guidelines was $7,500 to $75,000, and the amount of forfeiture falls squarely within that range. Finally, and perhaps most importantly, Soldier agreed to entry of a $50,000 forfeiture order in his negotiations with the United States, and presumably he was the person in the best position to know whether that amount was based in fact. See United States v. Berry, 118 Fed. Appx. 744, 746 n.2 (4th Cir. 2005). Based on all the facts and circumstances of this case, the Court concludes the forfeiture amount of $50,000 is proportional and not an excessive fine in violation of the Eighth Amendment.

## DECISION

For all the foregoing reasons, Soldier's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**. His motions for appointment of counsel and for an evidentiary hearing are **DENIED AS MOOT**. It is **ORDERED** that judgment is entered for the United States and against Petitioner David Soldier, and that Soldier's motion under 28 U.S.C. § 2255 is hereby **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the Court finds that Soldier has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability.

If Soldier desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2009.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court