IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| David Gabriel Soldier,               ) | |
|                                      ) | |
|     Petitioner,  ) | **ORDER ON MOTION TO** |
|                                      ) | **ALTER OR AMEND JUDGMENT** |
| vs.                                  ) | |
|                                      ) | Criminal No. 3:06-cr-131-02 |
| United States of America,            ) | Civil No. 3:09-cv-1 |
|                                      ) | |
|     Respondent.  ) | |

Before the Court is a Motion to Alter or Amend Judgment filed by Petitioner David Soldier (Doc. #97). Along with this motion, Soldier has filed a Memorandum to Amend New Claim (Doc. #98), a Motion for Evidentiary Hearing (Doc. #97), a Motion for Leave to Appeal In Forma Pauperis (Doc. #99), and a Motion for Transcripts (Doc. #100).

On February 23, 2009, the Court entered an Order denying Soldier's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Court concluded that Soldier's § 2255 petition must be dismissed because it challenged only the criminal forfeiture portion of his sentence, and therefore it was outside the scope of relief offered by the statute, which applies only to prisoners claiming a right to be released from custody. Alternatively, the Court found that Soldier's challenges to the criminal forfeiture order were either procedurally defaulted or otherwise nonmeritorious.

Soldier now moves for reconsideration of the Order denying his § 2255 motion, setting forth numerous objections to the Court's reasoning and also asserting several additional claims. Although Soldier has raised his objections in a rather unorganized manner, the Court will attempt to address each of the issues that it has been able to identify from the substance of his multiple filings.

1

As to the authorities cited in the original Order denying Soldier's § 2255 petition, the Court need not rely only on cases which Soldier has available to him in the law library at the Duluth facility. Furthermore, the Court fully set forth the facts and reasoning in support of its decision in the six-page Order, which provides an adequate basis for appellate review. The cases which Soldier cites in his motion are simply inapplicable here because they involve bench trials, which require special findings of fact and conclusions of law under Fed. R. Civ. P. 52(a)(1). On the other hand, Rule 52(a)(3), Fed. R. Civ. P., specifically provides that the district court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Soldier's motion to vacate under § 2255 is just such an "other motion," and therefore the Court finds that it has provided adequate explanation for its decision.

Soldier next contends that he may contest a forfeiture order in a § 2255 petition based on an ineffective assistance of counsel claim.[1] He alleges that his trial counsel was ineffective for not objecting to the forfeiture offered by the United States, for failing to file a direct appeal on the issue of forfeiture, for failing to inform him that hearsay testimony would be admissible on the issue of loss at sentencing following his open guilty plea, and for failing to show him a "plea agreement offer" as set forth in the letter attached as an exhibit to the Court's Order denying his § 2255 petition. However, there are several problems with Soldier's arguments in this regard.

First, he relies on <u>Weinberger v. United States</u>, 268 F.3d 346 (6th Cir. 2001), in support of his argument that he may challenge the forfeiture order through an ineffective assistance of counsel

---

[1] The Court notes that Soldier takes issue with the language "set aside," which was used several times in the Order denying his § 2255 petition. However, aside from the fact that the Court fully considered Soldier's motion as one to vacate, set aside, or correct the forfeiture order under 28 U.S.C. § 2255, and therefore his quibble with terminology is irrelevant, it should also be noted that the exact <u>type of relief</u> sought is more important than the technical terminology which is used to ask for that relief.

claim, but the Sixth Circuit appears to be the only circuit court of appeals which allows such a claim in a § 2255 petition. In United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003), the Eighth Circuit acknowledged Weinberger, but joined the majority of circuits in holding that 28 U.S.C. § 2255 applies only to prisoners claiming a right to be released from custody, not prisoners challenging restitution or other financial orders related to their criminal sentence. As for the other cases cited by Soldier on this issue, the Court notes that the Ninth and Tenth Circuits now follow the majority approach and do not allow challenges to monetary penalties in a § 2255 petition. See United States v. Papa, 97 Fed. Appx. 848, 851 (10th Cir. 2004); United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002) (holding that such claims are not cognizable in a § 2255 petition, even if couched in terms of ineffective assistance of counsel, and specifically distinguishing United States v. Parrott, 992 F.2d 914, 915 (9th Cir. 1992)).

     Furthermore, even if the Court were to examine the underlying ineffective assistance of counsel allegations, Soldier's claims would still fail. See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)) (stating that in order to establish ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonable competence and that this performance prejudiced him"). It is well documented in the record that Soldier reached an agreement with the United States on numerous sentencing issues, including the amount of loss under the Sentencing Guidelines and forfeiture. Although Soldier contends that his trial counsel reached an agreement with the United States without his consent, based in particular on his assertion that he never saw the letter which counsel sent directly to the Court memorializing their agreement, that implication is simply incredible and wholly unsupported by the record.

At sentencing, both the parties and the Court made numerous references to the agreement, including the parties' negotiations and ultimate resolution regarding the amount of loss under the Sentencing Guidelines, as well as a stipulation to forfeiture in the amount of $50,000. Defense counsel stated that Soldier had decided to forego the previously scheduled advisory jury trial on the issue of loss because he did not want to put his ex-girlfriend and co-defendant Michelle Kartes through the ordeal of testifying, nor did he want Kartes's daughter to be adversely affected if her deal with the United States were somehow jeopardized by her testimony. The Court exactly followed the agreement of the parties in calculating the Guidelines range and imposing the forfeiture order. Based on the fact that Soldier spoke extensively on his own behalf at sentencing, including an explanation of how much loss he was responsible for and his level of involvement in the case, the Court concludes that he undoubtedly would have objected strenuously if sentencing did not go in accordance with his own expectations. On this record, it is clear that Soldier knowingly negotiated with the United States on the issues of loss and forfeiture, and that he ultimately decided to forego an advisory jury trial on the matter for personal reasons. The Court concludes that Soldier's trial counsel was not ineffective, nor was his performance deficient, for following his own client's wishes by accepting the forfeiture rather than objecting to it.

Furthermore, the above-described facts completely belie Soldier's after-the-fact claim that his plea was not knowing and voluntary based on "missing documentation" in the form of a merely confirmatory letter sent to the Court which was clearly not a "plea agreement offer" to Soldier. The term "reasonable foreseeability" in the letter simply refers to the amount of loss which would be attributable to Soldier based upon the actions of the conspiracy to which he pleaded guilty, and the parties specifically agreed to a loss range which approximated their positions on that issue. Even

assuming Soldier had never seen an exact copy of that letter, the record reflects that he was fully aware of all the terms of the sentencing agreement, and both the parties and the Court acted in accordance with it at sentencing.

As to his claim that counsel was ineffective for failing to file a direct appeal on the issue of forfeiture, Soldier did not raise this claim in his original § 2255 petition, and because it does not relate back to the issues he raised in that petition, it is time barred. Even if that claim were not time barred, trial counsel could not have been ineffective for failing to appeal the issue of forfeiture, when Soldier knowingly and voluntarily entered into an agreement with the United States as to the amount of forfeiture and thus had no issues on which to appeal.

Moreover, as to his claim that counsel was ineffective for failing to explain that hearsay testimony would be admissible on the issue of loss in an "open plea sentencing hearing," Soldier fails to recognize that hearsay testimony would have been admissible at sentencing on the issues of role in the offense, amount of loss, and forfeiture, regardless of whether he had pleaded guilty, whether through an open plea or under a plea agreement, or been convicted after a trial. Soldier focuses on the fact that he wanted to call witnesses and expose the "glaring discrepancies" in the United States' case, but he knowingly and voluntarily made an agreement with the United States to avoid a long-scheduled advisory jury trial on those very issues. At sentencing, the Court clearly explained to Soldier that he had the right to present testimony from witnesses in a type of "mini-trial" on sentencing issues, but that the Rules of Evidence would not apply. Nowhere in his numerous filings does Soldier explain how his sentencing would have proceeded differently, or how the admissibility of evidence at sentencing would have been different, if he had gone to trial on the underlying charges rather than pleading guilty. Therefore, even assuming that Soldier's claim on

5

the issue of hearsay testimony relates back to his original § 2255 petition, the Court concludes he cannot show the prejudice which is required to prevail on an ineffective assistance of counsel claim.

Finally, after carefully examining all of Soldier's supplemental filings, including his additional claims of ineffective assistance of counsel, the Court notes that they are still deficient in one crucial respect. He still does not claim a right to be released from custody, but rather raises issues which ultimately challenge only the entry of the forfeiture order. Although the Court has provided a rather lengthy explanation of the reasons why Soldier's claims are not meritorious, they all must fail in any event because challenges to a forfeiture order or other criminal monetary penalty are simply not cognizable in a § 2255 proceeding. See Bernard, 351 F.3d at 361. For that reason alone, Soldier's § 2255 motion and his subsequent attempts to expand and clarify upon that motion all miss the mark.

Soldier also requests clarification of the ultimate disposition of the Court's prior Order denying his § 2255 motion "for appeal purposes." The Court finds that no clarification is required, as the motion to vacate under § 2255, whether considered denied or dismissed, has been fully and finally disposed of here and may be appealed provided an appropriate certificate of appealability has been issued.

Soldier further contends that this Court should not have denied him a certificate of appealability, arguing that the case is ripe for review by the Eighth Circuit. However, the Court persists in its finding that Soldier has failed to make a substantial showing of the denial of a constitutional right, and that the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, this Court will not issue a certificate of appealability. As set forth in the previous Order denying Soldier's § 2255

petition, he may still request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

For all the foregoing reasons, Soldier's Motion to Alter or Amend Judgment is **DENIED** in its entirety. Soldier has also filed several other motions which must be briefly addressed. As to his Motion for Leave to Appeal In Forma Pauperis, the Court notes that because he was appointed CJA counsel in the underlying criminal case, he will be entitled to proceed in forma pauperis on appeal, but only if the Eighth Circuit issues a certificate of appealability. The Motion for Leave to Appeal In Forma Pauperis is therefore **DENIED AS MOOT**. The Motion for an Evidentiary Hearing is also **DENIED AS MOOT** because the issues raised in Soldier's numerous motions have already been resolved on the existing record and do not require a hearing. Finally, the Motion for Free Transcripts of his change of plea and sentencing hearings is **DENIED AS MOOT** because Soldier's § 2255 petition has already been fully considered and denied in all respects.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2009.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court